UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REGIONAL INDUSTRIAL SERVICES CORP., and ROBERT E. OPPENHEIM, <br><br> **Plaintiffs,** <br><br> v. <br><br> PURE HEDGE, LLC, VALENTINA SOLOMITA, STERLING PROPERTY, LLC, and SCHNITZER STEEL INDUSTRIES, INC. <br><br> **Defendants.** | CIVIL ACTION <br> NO. 4:20-40064-TSH |

## ORDER AND MEMORANDUM ON SCHNITZER STEEL INDUSTRIES, INC.'S MOTION FOR SUMMARY JUDGMENT (Docket No. 37)

**June 13, 2022**

**HILLMAN, D.J.**

Plaintiffs Regional Industrial Services Corp. ("Regional") and Robert Oppenheim (collectively, "Plaintiffs") commenced this action against Schnitzer Steel Industries, Inc. ("Schnitzer"), alleging violations of M. G. L. c. 93A and tortious interference. Schnitzer moves for summary judgment and requests an award of attorney's fees, costs, and expenses. (Docket No. 37). Plaintiffs oppose Schnitzer's request for attorney's fees.

A court may shift attorney's fees when a party conducts litigation in bad faith. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). Schnitzer argues that shifting attorney's fees is warranted here because Plaintiffs have known, at least since Regional's deposition, that they have no valid claims against Schnitzer. Indeed, after the close of discovery, Plaintiffs told Schnitzer that they were willing to dismiss their claims. Plaintiffs and Schnitzer disagreed,

however, over whether the claims should be dismissed with prejudice or without prejudice. Plaintiffs did not move for a voluntary dismissal, requiring Schnitzer to move for summary judgment.

In responding to Schnitzer's request for fees, Plaintiffs argue, "Where [Regional] and Schnitzer could not agree on the terms of any stipulation of dismissal, there is no way for [Regional] to voluntarily dismiss Schnitzer from this matter in accordance with Rule 41(a)(2)." Plaintiffs misread Rule 41(a)(2), which does not require a stipulation of dismissal, and is, by default, without prejudice. The Court finds that Plaintiffs did not conduct this litigation in bad faith; their misreading of Rule 41(a)(2) was at most negligent or inadvertent, which does not warrant an imposition of fees. *See Cruz v. Savage*, 896 F.2d 626, 631 (1st Cir. 1990). A court should shift attorney's fees only in "egregious circumstances." *See Jones*, 990 F.2d at 4. While the Court ***grants*** Schnitzer's motion for summary judgment, the Court ***denies*** Schnitzer's request for attorney's fees.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**